UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY ROBERT SHIREY, | ) | Case No. 5:21 CV 137 |
|     Plaintiff | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) | |
|     Defendant | ) | <u>ORDER</u> |

The Commissioner of Social Security Administration (the "Commissioner") denied Disability Insurance Benefits to Plaintiff Terry Robert Shirey ("Plaintiff" or "Shirey") in the above-captioned case. Plaintiff sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge Darrell A. Clay (the "Magistrate Judge" or "Judge Clay") for preparation of a Report and Recommendation ("R & R"). Both parties submitted briefs on the merits. Plaintiff requested an order vacating the Commissioner's decision and remanding for the award and calculation of benefits or, alternatively, for a hearing to reconsider the evidence and determine whether Shirey's impairments preclude him from working full time at a light level of exertion. Plaintiff argues this relief is justified because the Administrative Law Judge ("ALJ") derived his authority from a Commissioner whose appointment violated the constitutional separation of powers,

and because the ALJ did not properly evaluate the evidence or support his findings with substantial evidence. (Pl.'s Br., ECF No. 14.) The Commissioner sought final judgment affirming her decision below. (Def.'s Br., ECF No. 16-1.)

Judge Clay submitted a R & R (ECF No. 19) on May 3, 2022, recommending that the court affirm the Commissioner's decision. The Magistrate Judge rejected Plaintiff's constitutional challenge because Shirey failed to show that the unconstitutional limitation on the President's ability to remove former Commissioner Andrew Saul caused Shirey compensable harm. (R & R 22, ECF No. 19.) Judge Clay also found that the ALJ properly evaluated and provided substantial evidence to support his Step Two and Step Three findings of Shirey's mental health condition and his determination of Shirey's residual functional capacity. (*Id.* at 30, 32, 34.) The Magistrate Judge also concluded that the ALJ committed no error in his consideration of the opinions of state agency reviewing physicians or Shirey's subjective pain symptoms. (*Id.* at 33, 37.) Judge Clay therefore accepted the ALJ's findings and recommends affirming the Commissioner's denial of Disability Insurance Benefits. (*Id.* at 40.)

On June 1, 2022, Plaintiff filed his Objection to the R & R. (ECF No. 21.) Shirey asks that the court overrule Judge Clay's R & R, arguing that the ALJ's determination is null because, but for a delegation of authority from a Commissioner who lacked the constitutional authority to so delegate, the ALJ could have neither adjudicated Plaintiff's case nor denied his requested benefits. (*Id.* at PageID #842.) Plaintiff also disagrees with the ALJ's finding that Shirey had no severe psychological impairment limiting his ability to perform his past relevant work. (*Id.* at PageID #843.) For these reasons, Plaintiff requests that the court overrule Judge Clay's R & R and remand the case for further proceedings. (*Id.*) On June 14, 2022, the Commissioner filed a Response to Plaintiff's Objection.

(ECF No. 22.) The Commissioner maintains that the Magistrate Judge correctly applied the pertinent law and found that the ALJ's decision is supported by substantial evidence. (*Id.* at PageID #845.) As a result, the Commissioner requests that the court adopt Judge Clay's R & R and affirm the ALJ's decision that Plaintiff was not disabled. (*Id.*) This matter is now ripe for review.

The court finds Plaintiff's arguments in his Objection to be unpersuasive. Plaintiff first reiterates his constitutional argument, emphasizing that the ALJ's decision comprises the final decision of the Commissioner and that the defect in Commissioner Saul's constitutional authority therefore precluded the ALJ in this case from rendering a valid determination. (Opp'n at PageID #842, ECF No. 21.) Even if Commissioner Saul had appointed the ALJ, this argument fails because, as the Supreme Court affirmed in *Collins v. Yellen*, 141 S. Ct. 1761 (2021), an unconstitutional removal provision does not preclude the director of an agency from properly undertaking the responsibilities of their office. Plaintiff attempts to distinguish *Collins* because that case dealt with shareholders in the Federal National Mortgage Association, and contends that *Tafoya v. Kijakazi*, 2021 WL 3269640 (D. Colo. July 29, 2021), which dealt with ALJs of the Social Security Administration, should control instead. (Opp'n at PageID #842, ECF No. 21.) This distinction is immaterial, as *Collins* addressed the pertinent question of the legality of administrative action taken by an administrator subject to unconstitutional removal restrictions. Furthermore, as this court has previously found, *Tafoya* addressed whether a plaintiff had standing to pursue a constitutional claim such as Shirey's but did not reach the merits of that claim. *See Tollen v. Comm'r of Soc. Sec.*, 2022 WL 2286214, at *3 (N.D. Ohio June 24, 2022). For these reasons, the court rejects Plaintiff's constitutional challenge.

Plaintiff also disagrees with the ALJ's evaluation of his adjustment disorder in determining his residual functional capacity. He argues that the ALJ's consideration of his ability to concentrate and answer questions during the hearing as evidence of the severity of his psychological impairments was improper, citing *Weaver v. Sec'y of Health and Hum. Servs.*, 722 F.2d 310, in which the Sixth Circuit stated that "we cannot allow the dismissal of a claim for pain solely on the ALJ's observations at the hearing." *Id.* at 312. However, unlike in *Weaver*, Shirey's demeanor during his hearing was only one of several factors cited by the ALJ in deciding that Shirey's psychological impairment was not severe. (Tr. 85.) The court therefore agrees with Judge Clay that the ALJ properly evaluated the available evidence and provided substantial evidence to support his decision not to include psychological limitations in his finding of residual functional capacity.

The court finds, after careful *de novo* review of the R & R and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own Judge Clay's Report and Recommendation (ECF No. 19.) The court hereby affirms the Commissioner's final decision denying Disability Insurance Benefits.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

August 25, 2022